UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JORDAN NATHANIEL JOHNSON-HINDS,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. 26-CV-0126-CVE |
| ) | |
| U.S. CITIZENSHIP AND IMMIGRATION   ) | |
| SERVICES,   ) | |
| JERALD FRITZ,   ) | |
| THE CITY OF TULSA, and   ) | |
| TULSA POLICE DEPARTMENT,   ) | |
| ) | |
| Defendants.   ) | |

**OPINION AND ORDER**

Now before the court is a complaint (Dkt. # 1) and motion to proceed in forma pauperis (Dkt. # 2), filed by plaintiff Jordan Nathaniel Johnson-Hinds, proceeding pro se. Having reviewed plaintiff's complaint, the Court finds that plaintiff fails to show that the Court has subject-matter jurisdiction. As the Court must dismiss a case once it determines that it lacks subject-matter jurisdiction, the Court dismisses plaintiff's complaint, and finds that plaintiff's motion to proceed in forma pauperis is moot.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject-matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is

on the party asserting jurisdiction."). Regardless of whether a litigant raises the issue of jurisdiction, the Court has an obligation to consider whether subject-matter jurisdiction exists. FED. R. CIV. P. 12(h)(3). As the Supreme Court has stated and the Tenth Circuit has reiterated, federal courts have "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any state of the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). Here, plaintiff proceeds pro se, and, as is required by both Supreme Court and Tenth Circuit precedent, the Court must liberally construe his pleadings when considering the allegations contained in his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Although the Court must hold a pro se plaintiff's pleadings to a less stringent standard than those drafted by lawyers, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff asserts that the basis for jurisdiction is a federal question, arising under a panoply of federal laws, including "28 U.S.C. § 1361 (The Mandamus Act), 5 U.S.C. § 701 (The Administrative Procedure Act)," the Fifth and Fourteenth Amendments to the Constitution, and 42 U.S.C. § 1983. Dkt. # 1, at 4. Although plaintiff invokes a federal question as the basis of this Court's jurisdiction, id., he fails to meet the minimum pleading standard of 28 U.S.C. § 1331. The presence of a federal question cannot be established by simply listing federal statutes or constitutional provisions. Rather, the "well-pleaded complaint rule . . . provides that federal jurisdiction only exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Garley v. Sandia Corp.,

236 F.3d 1200, 1207 (10th Cir. 2001) (quoting <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987)). It is the plaintiff's burden to identify "the statutory or constitutional provision under which the claim arises, <u>and allege sufficient facts to show that the case is one arising under federal law</u>." <u>Martinez v. U.S. Olympic Comm.</u>, 802 F.2d 1275, 1280 (10th Cir. 1986) (emphasis added). Beyond listing federal statutes and constitutional provisions, plaintiff makes vague, conclusory statements regarding actions taken by defendants, as well as non-defendants, such as "coordinated harassment" and "surveillance" by the New York Police Department (NYPD), the Department of Homeland Security (DHS), and the City of Tulsa. Dkt. # 1, at 6, 8-10. As far as the Court can discern, plaintiff's claims stem from an incident of alleged harassment by the NYPD, which involved an official vehicle speeding toward plaintiff, that gave rise to stalking by the Tulsa Police Department, as well as one instance of a "fraudulent call" to plaintiff by DHS. <u>Id.</u> at 9. It is unclear to the Court exactly how any of these alleged events could aggregate to show that plaintiff has a viable cause of action under any of the federal statutes or constitutional provisions invoked. At this stage, plaintiff's allegations are "too insubstantial for consideration" even under the liberal pleading standard afforded to plaintiff as a litigant proceeding <u>pro se</u>. <u>Martinez</u>, 802 F.2d at 1280 (quoting <u>Hagans v. Lavine</u>, 415 U.S. 528, 539 (1974)). Nor does plaintiff allege that complete diversity of citizenship exists among the parties for the Court to exercise jurisdiction under 28 U.S.C. § 1332(a). <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 951 (10th Cir. 2008); <u>see</u> Dkt. # 1, 7 (listing plaintiff's address in Oklahoma), 4 (listing defendant Jerald Fritz as a citizen of Oklahoma). The Court is left with no basis on which to conclude it has subject-matter jurisdiction, and it must therefore dismiss plaintiff's claims under Rule 12(h)(3).

      **IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject-matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 11th day of March, 2026.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE